| | |
|---|---|
| 1 | **SINNETT LAW, APC.** |
| 2 | Wayne A. Sinnett, Esq. (SBN: 302987) |
|   | ws@sinlegal.com |
| 3 | 444 West C Street, Suite 230 |
|   | San Diego, CA 92101 |
| 4 | Tel: (619) 752-0703 |
| 5 | Fax: (619) 330-2120 |
| 6 | *Attorney for Plaintiff* |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERVIN BAHMANIPOUR, an individual, | Case No.: '16CV0054 BAS DHB |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** |
| v. | **1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| TRANS UNION, LLC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

///
///
///

## INTRODUCTION

1. Plaintiff, SHERVIN BAHMANIPOUR ("Plaintiff"), brings this lawsuit to challenge the actions of Defendant, TRANS UNION, LLC. ("Defendant"), with regard to Defendant's reporting of erroneous negative and derogatory reports on Plaintiff's credit report, as that term is defined by U.S.C. § 1681a(g). Defendant's willful failure to properly investigate Plaintiff's disputes concerning the inaccurate information that Defendant is reporting in Plaintiff's file, and Defendant's failure to correct such, which Defendant knew or should have known was erroneous and which caused Plaintiff damages.

2. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid such violations.

5. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

6. Unless otherwise stated, all the conduct engaged in by Defendant occurred in the State of California.

## JURISDICTION AND VENUE

7. This action arises out of Defendant's violations of the Fair Credit Reporting Act ("FCRA") 15 § U.S.C. § 1681, *et seq*.

8. Jurisdiction of this Court therefore arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9. The Court has personal jurisdiction over Defendant and Defendant conducts business within the State of California and has purposefully availed itself of the laws and markets of the State of California and this district.

10. Venue is proper in the United States District Court, Southern District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of San Diego, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

11. Plaintiff, SHERVIN BAHMANIPOUR ("Plaintiff"), is a natural person who resides in the City of San Diego, County of San Diego, State of California and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

12. Defendant, TRANS UNION, LLC. ("TRANS UNION" or "Defendant"), is a limited liability company incorporated in the State of Delaware and is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

## FACTUAL ALLEGATIONS

13. At all times relevant, Plaintiff was an individual residing within the State of California.

14. All correspondence from Defendant was sent to Plaintiff at an address located within the State of California.

15. At all times relevant in this manner, Defendant conducted business in the State of California.

16. Sometime prior to October 14, 2015, Plaintiff opened a bank account with Bank of America. When the account was opened Bank of America erroneously reported an incorrect social security number as belonging to Plaintiff. This resulted in a "mixed account" wherein Plaintiff's credit report became associated with two social security numbers, the first being Plaintiff's true social security number and the second being the social security number of another individual.

17. The mixed account issue resulted in Plaintiff being denied credit and prompted him to dispute the inaccurate information with the three credit reporting bureaus, Equifax, Experian and TRANS UNION.

18. Sometime prior to October 14, 2015 Plaintiff initaiate a telephonic dispute with all three credit reporting bureaus. Equifax and Experian immediately corrected the inaccuracy. Defendant, TRANS UNION, was however another matter.

19. Defendant refused to correct the inaccuracy unless Plaintiff supplied a copy of his driver's license and social security card.

20. On or about October 14, 2015, Plaintiff did just that and faxed copies of his driver's license and correct social security card along with a letter disputing the incorrect social security number (for the second time). [*See* Credit Dispute Letter, Exhibit 1].

21. Plaintiff received a confirmation receipt that the fax was successfully delivered to Defendant at 8:46 p.m. on October 14, 2015. [*See* Fax Confirmation Receipt, Exhibit 2].

22. On or about November 19, 2015, Plaintiff's social security number has still not been corrected, and Plaintiff contacted Defendant to lodge his now third dispute. Plaintiff was again asked to send Defendant a copy of his diver's license and social security card for a ***second*** time.

23. On or about November 20, 2015, Plaintiff mailed a second set of copies of his driver's license and social security card, and sent yet another dispute letter (Plaintiff's fourth credit dispute). [*Second Credit Dispute Letter*, Exhibit 3]. Plaintiff tracked the mailed documents (Tracking Number #70150640000060682867) and received a confirmation that the documents were successfully delivered to Defendant on November 25, 2015 at 10:01 a.m. [*See*, USPS Tracking Confirmation, Exhibit 4].

///

24. Despite these four (4) disputes, Defendant refused to take action or investigate Plaintiff's disputes.

25. On or about December 8, 2015, Plaintiff again contacted Defendant to lodge is fifth dispute to no avail.

26. Plaintiff alleges on information and belief that Defendant has conducted no investigation as to his five (5) credit disputes nor has Defendant taken any substantive action in response to Plaintiff's credit disputes.

27. Through this conduct, Defendant violated: (i) 15 U.S.C §1681i by failing to conduct a reasonable reinvestigation with respect to the Plaintiff's credit disputes; and (ii) 15 U.S.C. § 1681e by failing to take action to ensure the "maximum possible accuracy of the information" contained in consumer's credit report.

28. As a result of Defendant's conduct, Plaintiff has suffered damages by loss and/or denial of credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent several hours and suffered pecuniary loss in attempting to correct Defendant's inaccurate and derogatory information, without success.

### FIRST CAUSE OF ACTION FOR WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. § 1681, ET SEQ.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681 *et seq*.

31. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive

damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

## SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. § 1681, ET SEQ.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681. *et seq*.

34. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- As a result of Defendant's willful violations of 15 U.S.C. § 1681, *et seq*., an award of actual damages, in an amount to be determined at trial, or statutory damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A); an award of punitive damages, as the Court may allow, pursuant to 15 U.S.C. 1681n(a)(3); and an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3);

- As a result of Defendant's negligent violations of 15 U.S.C. § 1681, *et seq*., an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681o(a)(1); and an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(1); and

- Any and all other relief that this Court deems just and proper.

///

///

Dated: January 8, 2016 Respectfully submitted,

**SINNETT LAW, APC.**

BY: /s/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFFS

## TRIAL BY JURY

35. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 8, 2016 Respectfully submitted,

**SINNETT LAW, APC.**

BY: /s/ WAYNE A. SINNETT
WAYNE A. SINNETT, ESQ.
ATTORNEY FOR PLAINTIFFS